**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ISAAC M. MCDONALD                                                                                          PLAINTIFF
ADC #147039

V.                                              NO: 5:12CV00340 SWW/HDY

CORIZON INC. *et al.*                                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Isaac M. McDonald, an inmate who is currently incarcerated at the Ouachita River Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on August 31, 2012. On July 18, 2013, motions for summary judgment, briefs in support, and statements of fact, were filed by Defendants Ray Hobbs, Larry May, Wendy Kelley, Debra Goldman, Danny Burl, Dexter Payne, Todd Ball, and John Belkin ("ADC Defendants") (docket entries #73-#75), and Corizon, Inc., Dorothy Yarbrough, Datrice Sledge, Joseph Hughes, Donald Ball, Marybeth Floyd, Geralding Campbell, Janet Horn, Juanita Stell, Debra Blake, and James Pratt ("medical Defendants") (docket entries #76-#78).[1] Plaintiff filed a response on August 19, 2013 (docket entry #81).

### I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

---

[1]Although the ADC Defendants filed their motion as a motion for judgment on the pleadings or for summary judgment, they attached affidavits and other exhibits to their motion. Therefore, the Court will treat the motion as a motion for summary judgment.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to the complaint, Plaintiff has been diagnosed with chronic kidney failure. Plaintiff asserts that he was denied appropriate medical care for his kidney function and neuralgia, and was also denied a special renal diet. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239.

<u>Medical Defendants</u>

According to the medical Defendants, Plaintiff received adequate care for his kidney function

and neuralgia, and, due to his own dietary habits, Plaintiff cannot establish any harm due to alleged dietary deficiencies.

*1. Dialysis*

Plaintiff's primary complaint is that he did not receive timely dialysis for his kidney problems. Plaintiff entered the ADC in March of 2010. In November and December of 2009, when he was held at the Sebastian County Jail, Plaintiff had been on dialysis after a bout with pneumonia. There is no indication that Plaintiff had kidney problems prior to that time, and Plaintiff's dialysis was discontinued in December of 1999 because his kidney function had improved (docket entry #76-1, page #20). Plaintiff did not receive any dialysis from December of 1999 until he arrived at the ADC (docket entry #76-1, pages #21 & #22).

When Plaintiff arrived at the ADC, his glomerular filtration rate ("GFR") did not indicate a need for dialysis (docket entry #76-3, page #1). According to an affidavit from Robert Floss, M.D., dialysis should be considered for patients when a GFR is less than 15 (docket entry #76-9) . Plaintiff's GFR actually increased after his arrival at the ADC, and he was regularly monitored. When a June 17, 2011, lab report showed an elevated creatinine level and a reduced GFR at 16 (docket entry #76-3, page #28), a consultation was requested. On June 29, 2011, Dr. Kashif, a nephrologist, examined Plaintiff and concluded there was no acute need for dialysis (docket entry #76-4, page #1). In a follow-up visit a month later, Kashif planned to initiate dialysis twice a week (docket entry #76-4, page #2). That plan was implemented within three to four days (docket entry #76-1, page #73). There is no evidence suggesting Plaintiff's kidney condition should have been treated differently, that his condition deteriorated or that he suffered any harm as a result of Defendants' treatment for his kidney problems. Thus, there is no evidence to suggest Plaintiff's

dialysis treatment was inappropriate.

*2. Neuropahty*

Plaintiff also complains that he was not provided appropriate medication for the pain, or neuralgia, caused by his neuropathy (docket entry #76-1, page #38). Plaintiff had a prescription for Neurontin when he arrived at the ADC, but was initially provided Tylenol 3, then later was given other medications for pain. Medical records indicate that Plaintiff received various medications and arch supports for pain relief (docket entry #76-5). Plaintiff is currently prescribed Neurontin. Although Plaintiff did not initially receive Neurontin, it is clear that his condition was not ignored, and, according to Floss, Plaintiff's pain treatment was appropriate (docket entry #76-9).

*3. Diet*

Although Plaintiff complains that his diet was inappropriate for his condition, Floss concluded that Plaintiff's numerous purchases of salty and sugary snacks[2] makes it impossible to ascertain whether any detrimental medical effects were caused by the food provided by the ADC, the salty and sugary snacks he consumed from the commissary, or his underlying medical conditions. In Floss's opinion, Plaintiff's ADC diet has been appropriate.

*4. ADA and RA claims*

Finally, Plaintiff referenced the Americans With Disabilities Act ("ADA") and the Rehabilitation Act ("RA") in his complaint. However, ADA and RA claims cannot be based on medical treatment decisions. *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (*citing Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA, like ADA, was never intended to apply to decisions involving medical treatment).

---

[2]*See* docket entry #76-2.

In summary, it is clear that Plaintiff was provided extensive medical care. His condition was monitored, and dialysis was initiated when it was deemed appropriate by an outside medical provider. Floss, a physician, has offered an opinion that the care Plaintiff was provided was adequate. Plaintiff has offered no medical opinion to suggest that anything about his care was inappropriate, but instead relies on his own conclusions. In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment. *Dulany v. Carnahan*, 132 F.3d at 1240. No facts are in dispute and the medical Defendants are entitled to summary judgment.

<u>ADC Defendants</u>

The ADC Defendants assert, among other things, that they can only be held responsible for a medical need obvious to a layperson, or for disregarding a serious medical need made known to them by medical personnel. The ADC Defendants further assert that they are entitled to rely upon the opinions of the medical professionals who were treating Plaintiff. It is clear from the record that Plaintiff had consistent treatment, and was being followed by physicians. Nothing in the record indicates that any ADC Defendant should have been aware that Plaintiff's treatment was inadequate, and any claim for inadequate care should be brought against those responsible for Plaintiff's care. The fact that the ADC Defendants may have been in charge of overseeing prison operations is insufficient to establish liability. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations). *See also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not involved in

treatment decisions and lacked medical expertise, and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care). Moreover, as discussed above, the evidence demonstrates that Plaintiff received adequate medical care for his conditions. Accordingly, the ADC Defendants are entitled to summary judgment.[3]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motions for summary judgment (docket entries #73 & #76) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.[4]

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __23__ day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3]There is some discussion in the complaint that policies were not followed and grievances were not handled properly. However, neither the failure to process a grievance, nor the failure to follow policy, are constitutional violations. *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983); *Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

[4]Although Defendants Roland Anderson, Walter Holloway, Roslyn Summerville, Chiquita Davis, and Katrina Harrell, have not been served, and are not parties to either motion, Plaintiff's claims against them are similar to the other Defendants, and the analysis of those claims is the same as that of the claims against the served parties. Accordingly, Plaintiff's claims against the unserved Defendants should be dismissed as well.